IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Davison, #229640, ) | C/A No: 1:10-69-JMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Michael E. Davison filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #10, #11]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by April 27, 2010. [Entry #12]. Plaintiff was specifically advised that if he failed to respond adequately, Defendant's motion may be granted, thereby ending this case. *Id.* Petitioner failed to timely file a response in opposition to Respondent's motion. Over three months after the response deadline, on August 5, 2010, Petitioner filed a motion for extension of time to respond to the summary judgment motion. [Entry #19]. The court granted the motion, allowing Plaintiff to respond to the summary judgment motion by August 16, 2010. [Entry #21]. Plaintiff again failed to timely respond to the motion. Plaintiff filed another motion for an extension on August 19, 2010 [Entry #23]. The

undersigned granted the second motion for additional time, allowing Plaintiff until September 20, 2010 to respond to Defendant's motion. [Entry #24]. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to respond to the motion after two extensions, and the court entered an order on September 22, 2010 directing him to advise whether he wished to continue with this case and to file a response to the summary judgment motion. [Entry #31]. The order further advised Plaintiff that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. *Id.*

On October 4, 2010, Petitioner filed a two-page response to the court's order indicating that he wishes to pursue this case, but claiming that he has "absolutely no documents to review in order to prepare a correct response to Respondent's motion," and alleging he has been refused copies of the documents he has provided the court for filing. [Entry #34]. Also on October 4, 2010, Petitioner filed a motion for appointment of counsel. [Entry #35]. On October 22, 2010, Petitioner filed a "notice" that he did not intend his filing on October 4, 2010 to be construed to be a response to the summary judgment motion, but intended for it to be a response to the court's September 22, 2010 order. Petitioner claims that "due solely to Petitioner's indigency he is being denied opportunity to make, refute, or compare" Respondent's arguments and that he should not be expected to pay $36.00 for a copy of his Petition. [Entry #38]. By separate order, the undersigned denied Petitioner's motion for appointment of counsel and request for free copies. [Entry #40].

2

Having carefully considered the parties' submissions and the record in this case, the court recommends that Respondent's motion for summary judgment [Entry #11] be granted and the Petition be denied. Petitioner has failed to prosecute his claim by virtue of having failed to respond to the summary judgment motion. Further, Petitioner is procedurally barred from federal habeas review.

I.      Procedural Background

In September 2005, Petitioner was indicted in Berkeley County for Armed Robbery and Grand Larceny (2005-GS-08-1541 and 2005-GS-08-1542). On November 11, 2005, Petitioner pleaded guilty but mentally ill to Strong Arm Robbery and Grand Larceny, and received ten year sentences for each charge. In addition, Petitioner was found to be in violation of his probation relating to 2001 charges from Dorchester County for Grand Larceny and Burglary 2nd Degree, to which he had pleaded guilty in 2001. Petitioner was ordered to serve the remainder of his sentences on each charge, which amounted to nine years and 364 days for the Burglary 2nd Degree charge, and four years, 364 days on the Grand Larceny Charge, all concurrent. Petitioner reported to the South Carolina Department of Corrections ("SCDC") on November 17, 2005, and he has a current projected release date of January 11, 2012.

Petitioner filed the present habeas petition in January 2010, challenging the judgment from an SCDC disciplinary hearing that took place at Lee Correctional Institution on February 7, 2008. The disciplinary hearing arose following an incident on January 16, 2008,

while Petitioner was being transported on a bus by the SCDC. *See* Incident Report, ex. 3 to Return [Entry #10-3]. According to the incident report, Petitioner was being offloaded from the SCDC bus when Corporal Anthony Farst noticed blood on Petitioner's neck, t-shirt, and left arm. *Id.* Corporal Farst inquired as to what happened, and Petitioner told him that he had cut himself with a razor, which he had thrown out the window of the bus. *Id.* Initially, it was suggested that Petitioner be charged with the charge of mutilation, but it was later determined that a charge of Possession of a Weapon (charge number 811) would be more appropriate. *Id.* On February 7, 2008, Petitioner was brought before the Disciplinary Hearing Officer (DHO) for a hearing on the charges. *See* Disciplinary Hearing Report, ex. 4 to Return [Entry #10-4]. At the conclusion of the hearing, Petitioner was convicted of the underlying charges and sanctioned with loss of privileges and restitution. *Id.* While Petitioner was not sanctioned with a loss of any earned good time credits, because of his conviction, Petitioner was not permitted to earn good-time credits for the month during which the incident occurred. *Id.*

After he was convicted at the hearing, Petitioner filed a Step One grievance with SCDC on February 7, 2008, which was considered and denied. *See* Step 1 Grievance Form, ex. 3 to Return [Entry #10-5]. On April 16, 2008, Petitioner appealed the decision in a Step Two grievance. *See* Step 2 Grievance Form, ex. 4 to Return [Entry #10-6]. Petitioner's Step Two grievance was also considered and denied. *Id.* On September 10, 2008, Petitioner filed an appeal with the Administrative Law Court (ALC). *See* Notice of Appeal to ALC, ex. 5 to

Return [Entry #10-9]. The ALC dismissed Petitioner's case on November 6, 2008 on the grounds that the SCDC's actions with regard to Petitioner's disciplinary hearing conviction did not implicate a state-created liberty interest; therefore, the Administrative Law Judge found Petitioner's grievance was not entitled to review by the ALC. *See* ALC Order, ex. 6 to Return [Entry #10-8]. On December 1, 2008, Petitioner filed a Notice of Appeal with the South Carolina Court of Appeals appealing the decision of the ALC. *See* Notice of Appeal to Ct. App., ex. 9 to Return [Entry #10-9]. However, the South Carolina Court of Appeals did not file Petitioner's Notice of Appeal because Petitioner failed to pay the required filing fee. *See* Order of Ct. App., ex. 10 to Return [Entry #10-10]. Petitioner moved to reinstate his appeal, but his motion was denied by the Court of Appeals. *See* Mot. to Reinstate, ex. 11 to Return [Entry #10-11]; Order on Mot. to Reinstate, ex. 12 to Return [Entry #10-12]. Petitioner filed a Petition for Writ of Certiorari to the South Carolina Supreme Court appealing the decision of the Court of Appeals. However, the Supreme Court dismissed that petition on August 4, 2009, because of Petitioner's failure to pay the required filing fee with the South Carolina Supreme Court. *See* Order of Sup. Ct., ex. 11 to Return [Entry #10-13].

In his Petition, Petitioner alleges that "[t]he evidence presented did not support a conviction for the offense charged as defined by policy." Pet. at 3 [Entry #1]. In support of this claim, Petitioner claims that "[p]olicy describes the offense of 'possession of a weapon' as specifically having an item that is intended to be used to harm someone other than an inmate's self." *Id.* at 6. Petitioner further alleges that "[t]he Disciplinary Hearing Officer

5

stated on the record that policy should be read differently and then gave his own personal definition of the offense before finding Petitioner guilty." *Id.* Petitioner also alleges that the offense was arbitrarily upgraded by prison authorities. *Id.* at 5. In support of this ground, Petitioner alleges that he "committed self-mutilation" and was "initially charged for doing so," but that "[t]he Major reviewing the charge arbitrarily changed the offense to possession of a weapon despite such a charge being the least bit justified or warranted." *Id.* at 9. Petitioner asks for "reversal of the conviction and reinstatement of the twenty (20) days good-time credits withheld for the month of January 2008." *Id.* at 15.

II.     Discussion

    A.     Summary Judgment Standard

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot

6

produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Habeas Corpus

        1.    Section 2254 Generally and Exhaustion Requirement

           a. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254. Both avenues of habeas relief for state-court prisoners include exhaustion requirements. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th

Cir.1973); *see Braden v. 30th Judicial Court of Kentucky*, 410 U.S. 484, 490 (1973) (applying exhaustion requirement in 28 U.S.C. § 2241 habeas corpus proceeding). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Pickard v. Connor*, 404 U.S. 270, 276 (1976). Section 2254 permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

    b.  Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

  (A) the applicant has exhausted the remedies available in the courts of the State; or

  (B) (I) there is an absence of available State corrective process; or

>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the ALC. *See Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't of Corr.*, 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations in which an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have

erroneously calculated his sentence, sentence-related credits, or custody status. *Sullivan v. S.C. Dep't of Corr.*, 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz*, 527 S.E.2d at 750.

Generally, a state prisoner's claim regarding credits that could impact his sentence calculation will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the ALC, rather than through a post-conviction relief ("PCR") application filed in circuit court. *See Al-Shabazz*, 527 S.E.2d 742. Pursuant to the South Carolina Administrative Procedures Act (APA) and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the ALC may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C. Code Ann. § 1-23-610; Rule 242, SCACR.

Here, Davison raises such an administrative issue, because he asserts that the SCDC has wrongly denied him good-time credits. Accordingly, the exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the ALC as outlined in *Al-Shabazz*, with appeal to the state appellate courts. *Al-Shabazz*, 527 S.E.2d at 752–57 (discussing the application of the APA and the review process); Rule 203(b)(6), SCACR; *see also* S.C. Code Ann. § 1-23-610(A)(1).[1]

---

[1]This procedure, which applies for most credit-related and sentence-calculation issues, is in contrast to other habeas corpus issues that challenge the validity of the conviction itself and that generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. *See generally* S.C. Code Ann. §§ 17-27-10, *et seq.*; Rule 243, SCACR.

c.     Procedural Bar

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief as to an issue he failed to raise at the appropriate time in state court and that he can no longer bring before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> ... [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross,* 468 U.S. 1, 10-11 (1984).   However, if a federal habeas petitioner can show both (1) " 'cause' for noncompliance with the state rule[,]" and (2) " 'actual prejudice resulting from the alleged constitutional violation[,]' " the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.

11

*Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir.1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir.1990)).

    2.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir.1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse

a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

  C. Discussion

  Respondent asserts that he is entitled to summary judgment because the Petition is barred under the procedural default doctrine, or alternatively barred for failure to exhaust state administrative remedies. The undersigned agrees.

  Petitioner has not exhausted the claims he presents here because he did not properly present them to the South Carolina appellate courts. As noted above, *Al-Shabazz* established a process separate from the PCR process through which an inmate may challenge his disciplinary conviction. *See generally, Al-Shabazz*, 527 S.E.2d 742. Petitioner has failed to properly exhausted his administrative and state remedies in accordance with *Al-Shabazz*, which requires that Petitioner initiate a grievance, obtain a final decision, seek a review by the ALC, and then seek judicial review by the South Carolina Court of Appeals before seeking federal habeas review.

  The record reflects that following his February 7, 2009 disciplinary hearing conviction, Petitioner properly filed Step One and Step Two grievances with the SCDC. *See* Exs. 3, 4 to Return [Entry #10-5, #10-6]. Both of these grievances were investigated and denied, and Petitioner sought review by the ALJ. *See* ex. 5 to Return [Entry #10-7]. The ALJ dismissed Petitioner's case, and Petitioner attempted to appeal the decision of the ALJ to the Court of Appeals. *See* Exs. 6, 7 to Return [Entry #10-8, #10-9]. However, Petitioner failed to pay the

required filing fee, and the Court of Appeals dismissed Petitioner's appeal. *See* ex. 8 to Return [Entry #10-10]. Petitioner filed a Motion for Reinstatement, which was denied, and a Petition for Writ of Certiorari to the South Carolina Supreme Court, which was dismissed when Petitioner again failed to pay the required filing fee. *See* Exs. 9, 10, 11 to Return [Entry #10-11, #10-12, #10-13]. Petitioner does not have any further recourse with the state courts.

A state prisoner is generally barred from obtaining federal habeas relief unless he has properly presented his or her claims through one complete round of the state's established appellate review process. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

After reviewing the record, the undersigned concludes that Petitioner has failed to exhaust his claims through the grievance process. Petitioner fails to demonstrate that he has exhausted his claims in state courts, and therefore his claims are procedurally-barred from review absent a showing of cause or prejudice or a miscarriage of justice. As to the procedural default, Petitioner has not shown cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this court and should be dismissed. *Murray*, 477 U.S. at 495–96; *see* 28 U.S.C. 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990)

("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."). Petitioner has not demonstrated cause, so the undersigned will not examine prejudice here.

III.    Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment [Entry #11] be granted and the Petition be denied.

IT IS SO RECOMMENDED.

January 26, 2011                                            Shiva V. Hodges
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**